1  ROBERT C. SCHLEIN
   California State Bar No. 97876
2  401 "B" Street, Suite 2209
   San Diego, CA 92101
3  Telephone:  (619) 235-9026
   Email: robert@rcslaw.org
4
   *Attorney for ADAN MAGANA Jr.*
5

6           UNITED STATES DISTRICT COURT

7           SOUTHERN DISTRICT OF CALIFORNIA

8           (HONORABLE DANA M. SABRAW)

9  UNITED STATES OF AMERICA,        )    Case:   07CR3415-DMS
                                     )
10           Plaintiff,              )    Date:   January 25, 2008
                                     )    Time:  11:00 a.m.
11 v.                                )
                                     )    STATEMENT OF FACTS AND
12 ADAN MAGANA Jr. (2),              )    MEMORANDUM OF POINTS AND
                                     )    AUTHORITIES IN SUPPORT OF
13           Defendant.              )    DEFENDANT'S MOTIONS
   ──────────────────────────────── )
14
   TO:       KAREN P. HEWITT, UNITED STATES ATTORNEY, and
15           PETER J. MAZZA, ASSISTANT UNITED STATES ATTORNEY

16                        I.

17               STATEMENT OF FACTS

18           The following statement of facts is based, in part, on materials received from the government.

19 The facts alleged in these motions are subject to amplification and/or modification at the time these motions

20 are heard.   The Defendant is named in a two count indictment, dated December 19, 2007, alleging

21 possession of marijuana with intent to distribute and aiding and abetting as follows:

22                    **Counts 1 and 2**

23           On or about December 8, 2007, within the Southern District of California, defendants

24 CHRISTIAN MARIA RODRIGUEZ, MARGARITA HEREDIA-VARGAS, MARTIN MORALES

25 LOZANO-VARGAS, JESUS TRAPERO-ZAZUETA, and ADAN MAGANA JR. Did knowingly and

26 intentionally posses, with intent to distribute, 100 kilograms and more, to wit: approximately 382.9

27 kilograms (842.4 pounds) of marijuana, a Schedule I Controlled Substance; in violation of Title 21,

28

1  United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

2          The factual basis for this indictment is based upon the government's allegations as

3  follows:  This charge was filed against Defendant MAGANA pursuant to his arrest on December 8,

4  2007.  Law Enforcement officials were conducting surveillance of the Midway campground area within

5  the Imperial San Dunes Recreation Area approximately .9 miles north of the international boundary with

6  Mexico.  While conducting surveillance of the area, the occupants of one particular campsite caught the

7  attention of the agents.  The agents allege that the occupants were acting suspiciously and riding All

8  Terrain Vehicles in the dark without lights.  The agents further allege that they observed the named

9  defendants engaged in various activities that were consistent with known drug-trafficking conduct,

10  including receiving large bundles from ATV's that would enter the campsite.  The complaint indicates

11  that Defendant MAGANA was observed by agents sitting in a chair within the campsite, and allegedly

12  appeared to be acting as a lookout for the operation.  After several hours of observing the campsite, Law

13  Enforcement Agents confronted the named Defendants by knocking on the door of the Recreational

14  Vehicle they were occupying.  The Defendants were arrested as they exited the vehicle, and Law

15  Enforcement officials allege that they found 842 (eight hundred and forty two) pounds of marijuana

16  inside the RV.

17                                    II.

18                      MOTION TO COMPEL DISCOVERY

19          Defendant moves for the production by the government of the following discovery

20  and for the preservation of evidence.  This request is not limited to those items that the prosecutor

21  knows of, but rather includes all discovery listed below that is in the custody, control, care, or

22  knowledge of any government agency.  See generally Kyles v. Whitley, 514 U.S. 419 (1995); United

23  States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

24          (1)  The Defendant's Statements.  The Government must disclose to the defendant all

25  copies of any written or recorded statements made by the defendant; the substance of any statements

26  made by the defendant which the Government intends to offer in evidence at trial; any response by the

27  defendant to interrogation; the substance of any oral statements which the Government intends to

28

introduce at trial and any written summaries of the defendant's oral statements contained in the

handwritten notes of the Government agent; any response to any <u>Miranda</u> warnings which may have

been given to the defendant; as well as any other statements by the defendant. Fed. R. Crim.

P. 16(a)(1)(A) and (B). The Advisory Committee Notes and the 1991 amendments to Rule 16 make

clear that the Government must reveal <u>all</u> the defendant's statements, whether oral or written, regardless

of whether the government intends to make any use of those statements.

        (2) <u>Arrest Reports, Notes and Dispatch Tapes</u>. The defense also specifically requests

that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding

his arrest or any questioning, if such reports have not already been produced <u>in their entirety</u>, be turned

over. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other

documents in which statements of the defendant or any other discoverable material is contained. Such

material is discoverable under Fed. R. Crim. P. 16(a)(1)(A) and (B) and <u>Brady v. Maryland</u>, 373 U.S. 83

(1963). <u>See</u> <u>also</u> <u>Loux v. United States</u>, 389 F.2d 911 (9th Cir. 1968). Arrest reports, investigator's

notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports

pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(B), Fed. R. Crim. P. 26.2, and

Fed. R. Crim. P. 12(h). Preservation of rough notes is requested, whether or not the government deems

them discoverable.

        (3) <u>Brady Material</u>. Defendant requests all documents, statements, agents' reports, and

tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of

the government's case. Under <u>Brady</u>, impeachment as well as exculpatory evidence falls within the

definition of evidence favorable to the accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United</u>

<u>States v. Agurs</u>, 427 U.S. 97 (1976).

        (4) <u>Any Information That May Result in a Lower Sentence Under The Guidelines</u>. As

discussed above, this information is discoverable under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). This

request includes any cooperation or attempted cooperation by the defendant, as well as any information

that could affect any base offense level or specific offense characteristic under Chapter Two of the

Guidelines. Also included in this request is any information relevant to a Chapter Three adjustment, to a

determination of the defendant's criminal history, or to any other application of the Guidelines.

(5) <u>Any Information That May Result in a Lower Sentence Under 18 U.S.C. § 3553</u>. After *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), the Guidelines are merely advisory and federal sentencing is governed by 18 U.S.C. § 3553, which requires a judge to consider "any information about the nature of the circumstances of the offense." 18 U.S.C. § 3553(a)(1). This broad range of judicial discretion, combined with the mandate that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence," 18 U.S.C. § 3661, means that any information whatsoever may be "material … to punishment," <u>Brady</u>, 373 U.S. at 87, whether or not the government deems it discoverable.

(6) <u>The Defendant's Prior Record</u>. Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(D). Counsel specifically requests that the copy be complete and legible.

(7) <u>Any Proposed 404(b) Evidence</u>. Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(E) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests that such notice be given three weeks before trial in order to give the defense time to adequately investigate and prepare for trial.

(8) <u>Evidence Seized</u>. Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(E).

(9) <u>Request for Preservation of Evidence</u>. The defense specifically requests that all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved. This request includes, but is not limited to, the results of any fingerprint analysis, alleged narcotics, the defendant's personal effects, the vehicle, and any other evidence seized from the defendant, or any third party. It is requested that the government be ordered to <u>question</u> all the agencies and individuals involved in the prosecution and investigation of this case to determine if such

1    evidence exists, and if it does exist, to inform those parties to preserve any such evidence.

2          (10)  Tangible Objects.  The defense requests, under Fed. R. Crim. P. 16(a)(1)(E) the

3    opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects,

4    including photographs, books, papers, documents, photographs of buildings or places or copies of

5    portions thereof which are material to the defense or intended for use in the government's case-in-chief

6    or were obtained from or belong to the defendant.

7          (11)  Evidence of Bias or Motive to Lie.  The defense requests any evidence that any

8    prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify

9    or distort his or her testimony.  Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler,

10   851 F.2d 1197 (9th Cir. 1988).

11         (12)  Impeachment evidence.  Defendant requests any evidence that any prospective

12   government witness has engaged in any criminal act whether or not resulting in a conviction and

13   whether any witness has made a statement favorable to the defendant.  See Fed. R. Evid. 608, 609 and

14   613.  Such evidence is discoverable under Brady v. Maryland.  See United States v. Strifler, 851 F.2d

15   1197 (9th Cir. 1988) (witness' prior record); Thomas v. United States, 343 F.2d 49 (9th Cir. 1965)

16   (evidence that detracts from a witness' credibility).

17         (13)  Evidence of Criminal Investigation of Any Government Witness. The defense

18   requests any evidence that any prospective witness is under investigation by federal, state or local

19   authorities for any criminal conduct.  United States v. Chitty, 760 F.2d 425 (2d Cir. 1985).

20         (14)  Evidence Affecting Perception, Recollection, Ability to Communicate.  Defendant

21   requests any evidence, including any medical or psychiatric report or evaluation, tending to show that

22   any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and

23   any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an

24   alcoholic.  United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d

25   213, 224 (4th Cir. 1980).

26         (15)  Witness Addresses.  The defense requests the name and last known address of each

27   prospective government witness.  See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United

28

1  States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is

2  ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979), overruled on other grounds by

3  Luce v. United States, 469 U.S. 38 (1984) (defense has equal right to talk to witnesses).  The defendant

4  also requests the name and last known address of every witness to the crime or crimes charged (or any

5  of the overt acts committed in furtherance thereof) who will not be called as a government witness.

6  United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984).

7          (16)  Name of Witnesses Favorable to the Defendant. The defense is informed and

8  believes one of the named co-defendants, CHRISTIAN MARIA RODRIGUEZ, may exonerate

9  defendant MAGANA.  The defense requests the name of any witness who made any arguably favorable

10  statement concerning the defendant or who could not identify him or who was unsure of his identity, or

11  participation in the crime charged.  Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v.

12  North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir. 1978);

13  Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979).

14          (17)  Statements Relevant to the Defense.  The defense requests disclosure of any

15  statement that may be "relevant to any possible defense or contention" that he might assert.  United

16  States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982).  This would include Grand Jury transcripts which are

17  relevant to the defense motion to dismiss the indictment.

18          (18)  Jencks Act Material.  The defense requests all material to which defendant is

19  entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch

20  tapes.  A verbal acknowledgment that "rough" notes constitute an accurate account of the witness'

21  interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1).  Campbell v.

22  United States, 373 U.S. 487, 490-92 (1963).

23          (19)  Giglio Information.  Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the

24  defendant requests all statements and/or promises, expressed or implied, made to any government

25  witnesses, in exchange for their testimony in this case, and all other information which could arguably

26  be used for the impeachment of any government witnesses.

27          (20)  Reports of Scientific Tests or Examinations.  Pursuant to Fed. R. Crim. P.

28

16(a)(1)(F), the defendant requests the reports of all tests and examinations conducted upon the evidence in this case.  Including, but not limited to, any fingerprint testing done upon any evidence seized in this case, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

(21) <u>Henthorn Material</u>.  The defendant  requests that the prosecutor review the personnel files of the officers involved in his arrest, and those who will testify, and produce to him any exculpatory information at least two weeks prior to trial and one week prior to the motion hearing. This includes all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of defendant.  <u>See</u> <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991).  In addition, he requests that if the government is uncertain whether certain information is to be turned over pursuant to this request, that it produce such information to the Court in advance of the trial and the motion hearing for an <u>in</u> <u>camera</u> inspection.

(22) <u>Informants and Cooperating Witnesses</u>.  The defense requests disclosure of the names and addresses of any informants or cooperating witnesses used or to be used in this case.  The government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense.  <u>Roviaro v. United States</u>, 353 U.S. 53, 61-62 (1957).  The defense also requests disclosure of any information indicating bias on the part of any informant or cooperating witness.  <u>Giglio v. United States</u>, 405 U.S. 150 (1972).  Such information would include what, if any, inducements, favors, payments, or threats were made to the witness to secure cooperation with the authorities.

(23) <u>Expert Witnesses</u>.  Pursuant to Fed. R. Crim. P. 16(a)(1)(G), the defendant requests a written summary of the expert testimony that the government intends to use at trial, including a description of the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications.

1          (24) <u>Residual Request</u>. The defense intends by this discovery motion to invoke his

2    rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the

3    Constitution and laws of the United States. This request specifically includes all subsections of Rule 16.

4    Defendant requests that the government provide him and his attorney with the above requested material

5    sufficiently in advance of trial.

6                           III.

7         <u>MOTION FOR LEAVE TO FILE FURTHER MOTIONS</u>

8          At the time of preparation of these motions, ADAN MAGANA and defense counsel have

9    not yet received discovery from the government.  As additional information comes to light the defense

10    may find it necessary to file further motions.  It is, therefore, requested that defense counsel be allowed

11    the opportunity to file further motions based upon information gained through the discovery process.

12

13                        <u>CONCLUSION</u>

14          For the foregoing reasons, Defendant respectfully requests that the Court grant the above

15    motions.

16                       Respectfully submitted,

17

18    Dated: January 2, 2008             /s/ROBERT C. SCHLEIN   

19                                   Robert C. Schlein
                                     Attorney-at-Law

20                                   Attorney for Defendant MAGANA
                                     robert@rcslaw.org

21

22

23

24

25

26

27

28

Memorandum of Points and Authorities in Support of Defendant's Motions to Compel Discovery, Join Motions and Grant Leave to File Further Motions

8