ROBERT C. SCHLEIN
California State Bar No. 97876
401 "B" Street, Suite 2209
San Diego, CA 92101
Telephone: (619) 235-9026
Email: robert@rcslaw.org

*Attorney for ADAN MAGANA Jr.*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE DANA M. SABRAW)

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case: 07CR3415-DMS |
| Plaintiff, | Date: January 25, 2008<br>Time: 11:00 a.m. |
| v. | |
| ADAN MAGANA Jr. (2), | STATEMENT OF FACTS AND<br>MEMORANDUM OF POINTS AND<br>AUTHORITIES IN SUPPORT OF |
| Defendant. | DEFENDANT'S MOTIONS |

TO: KAREN P. HEWITT, UNITED STATES ATTORNEY, and
PETER J. MAZZA, ASSISTANT UNITED STATES ATTORNEY

I.

STATEMENT OF FACTS

The following statement of facts is based, in part, on materials received from the government. The facts alleged in these motions are subject to amplification and/or modification at the time these motions are heard. The Defendant is named in a two count indictment, dated December 19, 2007, alleging possession of marijuana with intent to distribute and aiding and abetting as follows:

**Counts 1 and 2**

On or about December 8, 2007, within the Southern District of California, defendants CHRISTIAN MARIA RODRIGUEZ, MARGARITA HEREDIA-VARGAS, MARTIN MORALES LOZANO-VARGAS, JESUS TRAPERO-ZAZUETA, and ADAN MAGANA JR. Did knowingly and intentionally posses, with intent to distribute, 100 kilograms and more, to wit: approximately 382.9 kilograms (842.4 pounds) of marijuana, a Schedule I Controlled Substance; in violation of Title 21,

Memorandum of Points and Authorities in Support of Defendant's Motions to Compel Discovery, Join Motions and Grant Leave to File Further Motions

1

1  United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

2  The factual basis for this indictment is based upon the government's allegations as
3  follows: This charge was filed against Defendant MAGANA pursuant to his arrest on December 8,
4  2007. Law Enforcement officials were conducting surveillance of the Midway campground area within
5  the Imperial San Dunes Recreation Area approximately .9 miles north of the international boundary with
6  Mexico. While conducting surveillance of the area, the occupants of one particular campsite caught the
7  attention of the agents. The agents allege that the occupants were acting suspiciously and riding All
8  Terrain Vehicles in the dark without lights. The agents further allege that they observed the named
9  defendants engaged in various activities that were consistent with known drug-trafficking conduct,
10 including receiving large bundles from ATV's that would enter the campsite. The complaint indicates
11 that Defendant MAGANA was observed by agents sitting in a chair within the campsite, and allegedly
12 appeared to be acting as a lookout for the operation. After several hours of observing the campsite, Law
13 Enforcement Agents confronted the named Defendants by knocking on the door of the Recreational
14 Vehicle they were occupying. The Defendants were arrested as they exited the vehicle, and Law
15 Enforcement officials allege that they found 842 (eight hundred and forty two) pounds of marijuana
16 inside the RV.

## II.

## MOTION TO COMPEL DISCOVERY

19  Defendant moves for the production by the government of the following discovery
20 and for the preservation of evidence. This request is not limited to those items that the prosecutor
21 knows of, but rather includes all discovery listed below that is in the custody, control, care, or
22 knowledge of any government agency. See generally Kyles v. Whitley, 514 U.S. 419 (1995); United
23 States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

24  (1) The Defendant's Statements. The Government must disclose to the defendant all
25 copies of any written or recorded statements made by the defendant; the substance of any statements
26 made by the defendant which the Government intends to offer in evidence at trial; any response by the
27 defendant to interrogation; the substance of any oral statements which the Government intends to
28

1  introduce at trial and any written summaries of the defendant's oral statements contained in the
2  handwritten notes of the Government agent; any response to any <u>Miranda</u> warnings which may have
3  been given to the defendant; as well as any other statements by the defendant.  Fed. R. Crim.
4  P. 16(a)(1)(A) and (B).  The Advisory Committee Notes and the 1991 amendments to Rule 16 make
5  clear that the Government must reveal <u>all</u> the defendant's statements, whether oral or written, regardless
6  of whether the government intends to make any use of those statements.

7        (2) <u>Arrest Reports, Notes and Dispatch Tapes</u>.  The defense also specifically requests
8  that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding
9  his arrest or any questioning, if such reports have not already been produced <u>in their entirety</u>, be turned
10  over.  This request includes, but is not limited to, any rough notes, records, reports, transcripts or other
11  documents in which statements of the defendant or any other discoverable material is contained.  Such
12  material is discoverable under Fed. R. Crim. P. 16(a)(1)(A) and (B) and <u>Brady v. Maryland</u>, 373 U.S. 83
13  (1963).  <u>See</u> <u>also</u> <u>Loux v. United States</u>, 389 F.2d 911 (9th Cir. 1968).  Arrest reports, investigator's
14  notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports
15  pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(B), Fed. R. Crim. P. 26.2, and
16  Fed. R. Crim. P. 12(h).  Preservation of rough notes is requested, whether or not the government deems
17  them discoverable.

18        (3) <u>Brady Material</u>.  Defendant  requests all documents, statements, agents' reports, and
19  tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of
20  the government's case.  Under <u>Brady</u>, impeachment as well as exculpatory evidence falls within the
21  definition of evidence favorable to the accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United
22  States v. Agurs</u>, 427 U.S. 97 (1976).

23        (4) <u>Any Information That May Result in a Lower Sentence Under The Guidelines</u>.  As
24  discussed above, this information is discoverable under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  This
25  request includes any cooperation or attempted cooperation by the defendant, as well as any information
26  that could affect any base offense level or specific offense characteristic under Chapter Two of the
27  Guidelines.  Also included in this request is any information relevant to a Chapter Three adjustment, to a
28

1  determination of the defendant's criminal history, or to any other application of the Guidelines.

2      (5) <u>Any Information That May Result in a Lower Sentence Under 18 U.S.C. § 3553</u>.
3  After *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), the Guidelines are merely advisory
4  and federal sentencing is governed by 18 U.S.C. § 3553, which requires a judge to consider "any
5  information about the nature of the circumstances of the offense." 18 U.S.C. § 3553(a)(1). This broad
6  range of judicial discretion, combined with the mandate that "[n]o limitation shall be placed on the
7  information concerning the background, character, and conduct of a person convicted of an offense
8  which a court of the United States may receive and consider for the purpose of imposing an appropriate
9  sentence," 18 U.S.C. § 3661, means that any information whatsoever may be "material … to
10 punishment," <u>Brady</u>, 373 U.S. at 87, whether or not the government deems it discoverable.

11     (6) <u>The Defendant's Prior Record</u>. Evidence of prior record is available under Fed. R.
12 Crim. P. 16(a)(1)(D). Counsel specifically requests that the copy be complete and legible.

13     (7) <u>Any Proposed 404(b) Evidence</u>. Evidence of prior similar acts is discoverable under
14 Fed. R. Crim. P. 16(a)(1)(E) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b),
15 "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . .
16 of the general nature . . . ." of any evidence the government proposes to introduce under Fed. R. Evid.
17 404(b) at trial. The defendant requests that such notice be given three weeks before trial in order to give
18 the defense time to adequately investigate and prepare for trial.

19     (8) <u>Evidence Seized</u>. Evidence seized as a result of any search, either warrantless or with
20 a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(E).

21     (9) <u>Request for Preservation of Evidence</u>. The defense specifically requests that all
22 dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the
23 possession, custody, or care of the government and which relate to the arrest or the events leading to the
24 arrest in this case be preserved. This request includes, but is not limited to, the results of any fingerprint
25 analysis, alleged narcotics, the defendant's personal effects, the vehicle, and any other evidence seized
26 from the defendant, or any third party. It is requested that the government be ordered to <u>question</u> all the
27 agencies and individuals involved in the prosecution and investigation of this case to determine if such
28

evidence exists, and if it does exist, to inform those parties to preserve any such evidence.

(10) <u>Tangible Objects</u>.  The defense requests, under Fed. R. Crim. P. 16(a)(1)(E) the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, photographs of buildings or places or copies of portions thereof which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant.

(11) <u>Evidence of Bias or Motive to Lie</u>.  The defense requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony.  <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988).

(12) <u>Impeachment evidence</u>.  Defendant requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant.  <u>See</u> Fed. R. Evid. 608, 609 and 613.  Such evidence is discoverable under <u>Brady v. Maryland</u>.  <u>See</u> <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); <u>Thomas v. United States</u>, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

(13) <u>Evidence of Criminal Investigation of Any Government Witness</u>. The defense requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.  <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir. 1985).

(14) <u>Evidence Affecting Perception, Recollection, Ability to Communicate</u>.  Defendant requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.  <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 224 (4th Cir. 1980).

(15) <u>Witness Addresses</u>.  The defense requests the name and last known address of each prospective government witness.  <u>See</u> <u>United States v. Napue</u>, 834 F.2d 1311 (7th Cir. 1987); <u>United</u>

1  States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is
2  ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979), overruled on other grounds by
3  Luce v. United States, 469 U.S. 38 (1984) (defense has equal right to talk to witnesses).  The defendant
4  also requests the name and last known address of every witness to the crime or crimes charged (or any
5  of the overt acts committed in furtherance thereof) who will not be called as a government witness.
6  United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984).

7        (16)  Name of Witnesses Favorable to the Defendant. The defense is informed and
8  believes one of the named co-defendants, CHRISTIAN MARIA RODRIGUEZ, may exonerate
9  defendant MAGANA.  The defense requests the name of any witness who made any arguably favorable
10 statement concerning the defendant or who could not identify him or who was unsure of his identity, or
11 participation in the crime charged.  Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v.
12 North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir. 1978);
13 Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979).

14       (17)  Statements Relevant to the Defense.  The defense requests disclosure of any
15 statement that may be "relevant to any possible defense or contention" that he might assert.  United
16 States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982).  This would include Grand Jury transcripts which are
17 relevant to the defense motion to dismiss the indictment.

18       (18)  Jencks Act Material.  The defense requests all material to which defendant is
19 entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch
20 tapes.  A verbal acknowledgment that "rough" notes constitute an accurate account of the witness'
21 interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1).  Campbell v.
22 United States, 373 U.S. 487, 490-92 (1963).

23       (19)  Giglio Information.  Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the
24 defendant requests all statements and/or promises, expressed or implied, made to any government
25 witnesses, in exchange for their testimony in this case, and all other information which could arguably
26 be used for the impeachment of any government witnesses.

27       (20)  Reports of Scientific Tests or Examinations.  Pursuant to Fed. R. Crim. P.
28

16(a)(1)(F), the defendant requests the reports of all tests and examinations conducted upon the evidence in this case. Including, but not limited to, any fingerprint testing done upon any evidence seized in this case, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

(21) <u>Henthorn Material</u>. The defendant requests that the prosecutor review the personnel files of the officers involved in his arrest, and those who will testify, and produce to him any exculpatory information at least two weeks prior to trial and one week prior to the motion hearing. This includes all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of defendant. <u>See</u> <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991). In addition, he requests that if the government is uncertain whether certain information is to be turned over pursuant to this request, that it produce such information to the Court in advance of the trial and the motion hearing for an <u>in camera</u> inspection.

(22) <u>Informants and Cooperating Witnesses</u>. The defense requests disclosure of the names and addresses of any informants or cooperating witnesses used or to be used in this case. The government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. <u>Roviaro v. United States</u>, 353 U.S. 53, 61-62 (1957). The defense also requests disclosure of any information indicating bias on the part of any informant or cooperating witness. <u>Giglio v. United States</u>, 405 U.S. 150 (1972). Such information would include what, if any, inducements, favors, payments, or threats were made to the witness to secure cooperation with the authorities.

(23) <u>Expert Witnesses</u>. Pursuant to Fed. R. Crim. P. 16(a)(1)(G), the defendant requests a written summary of the expert testimony that the government intends to use at trial, including a description of the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications.

(24) <u>Residual Request</u>.  The defense intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. This request specifically includes all subsections of Rule 16. Defendant requests that the government provide him and his attorney with the above requested material sufficiently in advance of trial.

### III.
### MOTION FOR LEAVE TO FILE FURTHER MOTIONS

At the time of preparation of these motions, ADAN MAGANA and defense counsel have not yet received discovery from the government.  As additional information comes to light the defense may find it necessary to file further motions.  It is, therefore, requested that defense counsel be allowed the opportunity to file further motions based upon information gained through the discovery process.

### CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant the above motions.

Respectfully submitted,

Dated: January 2, 2008        /s/ROBERT C. SCHLEIN
Robert C. Schlein
Attorney-at-Law
Attorney for Defendant MAGANA
robert@rcslaw.org