HOLLY S. HANOVER, Esq.
California State Bar Number 177303
3132 Third Ave. #101
San Diego, CA 92103
Telephone: (619) 295-1264
E-Mail: Netlawyr@aol.com
Attorney for Defendant, Mr. Martin Morales Lozano Vargas

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
**(THE HON. DANA M. SABRAW)**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>        Plaintiff,<br><br>v.<br><br>MARTIN MORALES LOZANO VARGAS (3),<br>        Defendant. | CASE NO. 07cr3415-DMS<br><br>DATE: January 25, 2005<br>TIME: 11:00 a.m.<br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION |

**I.**

**STATEMENT OF FACTS**

The following statement of facts is based, in part, on the indictment, the complaint and initial statement of facts and other information provided by the United States Attorney's office. Counsel has received approximately 120 pages of discovery thus far. The facts set forth in these motions are subject to amplification and/or modification at the time these motions are heard and are not adopted by the defense.

On or about December 8, 2007, undercover agents from the U.S. Department of Interior, Bureau of Land Management (BLM), the Drug Enforcement Agency (DEA), and the Federal Bureau of Investigation (FBI) were conducting surveillance of the Midway campground area approximately .9 miles north of the international Border with Mexico in Imperial County. During this surveillance, some occupants of the campsite were acting suspiciously according to agents by riding their ATV's in the

1 | dark, without headlights.

2 |     At approximately 8:20 p.m., agents observed who they later
3 | identified as Jesus Trapero-Zazueta put out a campfire and a person they
4 | identified as Martin Morales Lozano-Vargas departed the area on an ATV
5 | with the lights out. At approximately 8:30 p.m., Lozano Vargas returned
6 | to the camp still driving without headlights. Agents then observed with
7 | night vision goggles, several ATVs travelling without headlights and
8 | with large bundles attached to the back of those ATVs.

9 |     Agents believed this activity to be consistent with drug smuggling
10 | activity, so they continued to observe the campsite where the ATVs
11 | riders off-loaded the bundles onto a flat bed trailer, at the direction
12 | of Lozano-Vargas.  After the trailer was loaded, the ATVs departed with
13 | their lights on.  Agents then observed Trapero Zazuete, Lozano Vargas,
14 | and a man they later identified as Christian Maria Rodriguez remove the
15 | bundles from the trailer and walk around a corner, out of sight towards
16 | a 2007 "Cruise America" rental motorhome (CA Lic. 5UVF195), which was
17 | attached to the trailer.  Agents also saw a man later identified as Adan
18 | Magana, Jr., sitting in a chair within the campsite, whom appeared to
19 | be acting as a lookout.

20 |     At approximately 11:50 p.m., agents from the BLM, DEA, FBI and ICE
21 | with assistance from the CHP, and Imperial County Sheriff's Department,
22 | knocked on the door of the motorhome and made contact with Rodriguez.
23 | Agents took all the men out of the motor home, and also found another
24 | woman, Margarita Heredia Vargas, emerge from the motor home.  When
25 | agents entered the motor home, they smelled what they believed to be
26 | marijuana. Several bundles (approximately 47) were found in the bedroom
27 | area in the rear.  The total weight of those bundles was approximately
28 | 382.08 kilograms.

Mr. Lozano Vargas was later interrogated, but the circumstances surrounding that interrogation are not clear. He made statements during this time. He is currently released on bail and the case is pending before this court.

## II.

### THE COURT SHOULD COMPEL THE GOVERNMENT TO PRODUCE DISCOVERY

Martin Morales Lozano Vargas makes the following discovery motion pursuant to Rule 12(b)(4) and Rule 16. This request is not limited to those items that the prosecutor has actual knowledge of, but rather includes all discovery listed below that is "in the possession, custody, or control of any federal agency participating in the same investigation of the defendant." United States v. Bryan, 868 F.2d 1032, 1036 (9th Cir.), cert. denied, 493 U.S. 858 (1989).

***Mr. Lozano Vargas may eventually also request a detailed list of specific items that may not yet have been produced, and is requesting that the government turn over and allow his counsel to view and inspect all items at the earliest possible date. He also specifically requests that the government retain, preserve and prevent from destruction, all evidence seized in this case (Including the marijuana and packaging) so that counsel may have the opportunity to re-test it and have it's own expert examine it if necessary.***

(1) Mr. Lozano Vargas's Statements. The government must disclose: (1) copies of any written or recorded statements made by Mr. Lozano Vargas; (2) copies of any written record containing the substance of any statements made by Mr. Lozano Vargas; and (3) the substance of any statements made by Mr. Lozano Vargas which the government intends to use, for any purpose, at trial. **This includes any hand-written notes made by agents and any co-conspirator's or material witness alleged**

**statements as well, as well as any video or audio recorded statements**. See Fed. R. Crim. P. 16(a)(1)(A). Mr. Lozano Vargas also specifically requests that the circumstances surrounding any alleged waiver of his right to counsel and right to remain silent be disclosed as well.

<u>Statements of Others</u>; the defense moves for an order directing the government to permit the defense to inspect and copy any statements of any co-defendant or co-conspirator, material witness, or confidential informant that the government intends to offer against defendant under Fed. R. Evid. 801(d)(2)(E), including, but not limited to:

    (A)    Relevant written or recorded statements made by any co-defendant or claimed co-conspirator, indicted or unindicted, that are in the government's possession, custody, or control, or that through due diligence may become known to the government; and

    (B)    The substance of any oral statement that the government intends to offer in evidence at the trial of this matter made by any co-defendant or claimed co-conspirator, indicted or unindicted, before or after arrest, in response to interrogation by any person known to the declarant to be a government agent.

    (2)  <u>Mr. Lozano Vargas's Prior Record</u>. Mr. Lozano Vargas requests complete disclosure of his prior record if one exists. See Fed. R. Crim. P. 16(a)(1)(B).

    (3)  <u>Documents and Tangible Objects</u>. Mr. Lozano Vargas requests the opportunity to inspect, copy, and photograph all documents and tangible objects which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to him. See Fed. R. Crim. P. 16(a)(1)(C).

    (4)  <u>Reports of Scientific Tests or Examinations</u>. Mr. Lozano Vargas requests the reports of all tests and examinations which are material to the preparation of the defense or are intended for use by the government at trial. See Fed. R. Crim. P. 16(a)(1)(D). Mr. Lozano

Vargas notes that no fingerprint analyses have been produced. If such analyses exist, Mr. Lozano Vargas requests a copy.

(5) <u>Expert Witnesses</u>. Mr. Lozano Vargas requests the name and qualifications of any person that the government intends to call as an expert witness. <u>See</u> Fed. R. Crim. P. 16(a)(1)(E). Mr. Lozano Vargas requests written summaries describing the bases and reasons for the expert's opinions. <u>See id.</u> This request applies to any fingerprint and handwriting experts that the government intends to call.

(6) <u>Brady Material</u>. Mr. Lozano Vargas requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt or punishment. <u>See</u> <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), <u>Williams v. Taylor</u>, 120 S.Ct. 1479 (2000), <u>Strickler v. Greene</u>, 527 U.S. 263 (1999).

Impeachment evidence falls within the definition of evidence favorable to the accused, and therefore Mr. Lozano Vargas requests disclosure of any impeachment evidence concerning any of the government's potential witnesses, including prior convictions and other evidence of criminal conduct. <u>See</u> <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976); <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995).

In addition, Mr. Lozano Vargas requests any evidence tending to show that a prospective government witness: (I) is biased or prejudiced against the defendant; (ii) has a motive to falsify or distort his or his testimony; (iii) is unable to perceive, remember, communicate, or tell the truth; or (iv) has used narcotics or other controlled substances, or has been an alcoholic. *This would specifically include any and all reports involving any investigations and grand jury testimony pertaining to the investigating and arresting agents or*

*confidential sources in this case.*

(7) <u>Request for Preservation of Evidence</u>.  Mr. Lozano Vargas specifically requests the preservation of all physical or documentary evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case.

(8) <u>Any Proposed 404(b) Evidence</u>. "[U]pon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Rule 404(b). Fed. R. Evid. 404(b). Mr. Lozano Vargas requests such notice as soon as possible, in order to allow for adequate trial preparation.

(9) <u>Witness Addresses</u>. Mr. Lozano Vargas requests the name and last known address of each prospective government witness. He also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a government witness.

(10) <u>Jencks Act Material</u>. Mr. Lozano Vargas requests production in advance of trial of all material discoverable pursuant to the Jencks Act, 18 U.S.C. § 3500. This production will avoid needless delays at pretrial hearings and at trial. **This request includes any "rough" notes taken by the agents in this case**; these notes must be produced pursuant to 18 U.S.C. § 3500(e)(1). **This request also includes production of transcripts of the testimony of any witness before the grand jury. Counsel would like access to all witnesses' last known address so an attempt can be made to contact them.** See 18 U.S.C. § 3500(e)(3).

(11) <u>Residual Request</u>. Mr. Lozano Vargas intends by this discovery motion to invoke his rights to discovery to the fullest extent

possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. Mr. Lozano Vargas requests that the government provide his and his attorney with the above-requested material sufficiently in advance of trial.

(12) <u>Government Examination of Law Enforcement Personnel Files</u> Mr. Lozano Vargas requests that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses. Mr. Lozano Vargas requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other conduct like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991).

The obligation to examine files arises by virtue of the defense making a demand for their review:  the Ninth Circuit in <u>Henthorn</u> remanded for <u>in camera</u> review of the agents' files because the government failed to examine the files of agents who testified at trial. This Court should therefore order the government to review all such files for all testifying witnesses and turn over any material relevant to impeachment or that is exculpatory to Mr. Lozano Vargas prior to trial. Mr. Lozano Vargas specifically requests that the prosecutor, not the law enforcement officers, review the files in this case.  The duty to review the files, under <u>Henthorn</u>, should be the prosecutor's and not the officers'.  Only the prosecutor has the legal knowledge and ethical obligations to fully comply with this request.

//
//
//

### III.

### THE COURT SHOULD ALLOW JOINDER WITH CO-COUNSEL'S MOTIONS

Mr. Lozano Vargas would also like to join in co-counsel's motions which may be filed concurrently with his on the same day.

### IV.

### THE COURT SHOULD GRANT LEAVE TO FILE FURTHER MOTIONS

In order to properly present additional pretrial motions, Mr. Lozano Vargas needs more information which may be provided through counsel's discovery request. As more information comes to light and as additional research and/or investigation is completed, additional substantive motions may be necessary. Accordingly, Mr. Lozano Vargas requests that the Court permit his to file further motions before trial.

### V.

### CONCLUSION

For the foregoing reasons, Mr. Lozano Vargas respectfully requests that the Court grant his motions.

**Respectfully submitted,**

**Dated:  January 11, 2008**          s/ *Holly S. Hanover*
                                      Holly S. Hanover
                                      Attorney for Mr. Martin Morales Lozano Vargas
                                      E-mail: Netlawyr@aol.com